

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00217-CR
_____

LYLE LAVERN YOUNGS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 34484C, Counts I and II; Honorable Ana Estevez, Presiding

August 20, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pursuant to a plea bargain agreement, Appellant, Lyle Lavern Youngs, was convicted of attempted capital murder[1] and possession of a controlled substance.[2] The trial court's certification of Appellant's right of appeal reflects that this is a plea bargain case from which Appellant has no right of appeal, and that Appellant has waived the right

_____

[1] *See* TEX. PENAL CODE ANN. § 19.03(a)(1).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

of appeal.  The certification comports with the record before the Court.  Notwithstanding the certification, Appellant filed a notice of appeal, pro se, challenging his convictions.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  By letter of July 24, 2025, we notified Appellant of the consequences of the trial court's certification and directed him to show grounds for continuing the appeal by August 4.  Appellant has not filed a response or had any further communication with the Court to date.

Accordingly, we dismiss the appeal based on the trial court's certification.  *See* TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.